IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH P. DOWNS,

    Plaintiff,

vs.                                                                           No. Civ. 08-162 BB/RLP

OFFICER SAM SENA,
OFFICER THOMAS HICKS,
LUCINDA SCARLET,
DEPARTMENT OF PUBLIC SAFETY,

    Defendants.

## REPORT and RECOMMENDATION[1]

**THIS MATTER** comes before the Court on Defendants' Motion for Sanctions (dismissal pursuant to F.R.Civ.P. 37), or in the Alternative, Motion for Involuntary Dismissal Pursuant to Fed. R. Civ. P. 41, filed December 10, 2008. (Docket No. 17). Plaintiff, Joseph P. Downs, who is proceeding *pro se*, has filed no Response. [2]

The Court has reviewed the Motion for Sanctions, or in the Alternative for Dismissal, the case file, and applicable case law and is sufficiently advised in the premises. For the reasons provided below, I respectfully recommend that the Motion be GRANTED.

Factual Background

Plaintiff Downs filed his complaint against Defendants in New Mexico state court on

---

[1] Pursuant to 28 U.S.C. §636(b)(1), within ten (10) days after a party is served with a copy of this Report and Recommendation, either party may file written objections. A party must file any objections withing the ten (10) day period if that party seeks appellate. Failure to timely file objections with the court will be deemed a waiver of appellate review. *Hill v. SmithKline Beecham Corp.* 393 F.3d 1111, 1113 (10th Cir. 2004).

[2] F.R. Civ. P. 37(b)(2)(C) authorizes dismissal of an action as a sanction for the intentional violation of a discovery order. F.R.Civ.P.41(b) authorizes the court to dismiss Plaintiff's case due to his failure to prosecute his case and failure to comply with Court rules or orders.

January 10, 2008. The case was removed to this court on February 12, 2008. Since that time, Plaintiff has:

    (1)    Failed to submit his portion of the Joint Status Report and Provisional Discovery Plan;

    (2)    Failed to attend the court ordered Rule 16 Scheduling conference held May 28, 2008;

    (3)    Failed to file initial disclosures required by Fed. R. Civ. P. 26(a)(1);

    (4)    Provided incomplete and evasive answers to Interrogatories and Requests for Production (see Docket No. 12, Ex. 1 & 2);

    (5)    Failed to attend his duly noticed deposition;

    (6)    Failed to file a response Defendants' *Motion for Sanctions or in the Alternative, Motion to Compel Discovery Pursuant to Fed.R.Civ.P. 37* (Docket No. 12);

    (7)    Failed to provide additional discovery as directed by this court's Memorandum Opinion and Order filed November 12, 2008. (Docket No. 13);

    (8)    Failed to file a response to the instant Motion. (Docket No. 17);

    (9)    Failed to submit his portions of the Proposed Pretrial Order. (Docket No. 19).

As of September 25, 2008, Plaintiff represented that he could be reached through a post office box in Las Vegas, New Mexico. (Docket No. 11). This is the same address carried on the court docket for Plaintiff. Defendants indicate that Plaintiff may be incarcerated in Colorado or New Mexico. (Docket No. 17, ¶5). Plaintiff has not informed the court of any change of address, as required by D.N.M. LR-Civ 83.6

## Discussion

Pro se litigants must comply with the fundamental requirements of the Federal Rules of Civil Procedure. See *McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452,

455 (10th Cir.1994),cert. denied, 513 U.S. 1090, 115 S.Ct. 750, 130 L.Ed.2d 650 (1995); *Galbraith v. Correctional Healthcare Management* Slip Copy, 2008 WL 619306, *2, D.Colo.,2008. Plaintiff has repeatedly failed to do so.

The standards governing dismissal for failure to obey court orders are the same under Fed.R.Civ.P. 37(b)(2)(C) or 41(b). *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir.1987); *Mobley v. McCormick,* 40 F.3d 337, 340-41 (10th Cir.1994). The factors to be considered are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted). "These factors do not create a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." Id. Given that Plaintiff is proceeding *pro se,* the Court must carefully conduct its analysis and consider whether "some sanction other than dismissal [with prejudice is appropriate], so that the party does not unknowingly lose its right of access to the courts...." *Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 920, n. 3).

    A.    Prejudice to Defendants

I find that Plaintiff's conduct has prejudiced Defendants' ability to defend against the accusations lodged by Plaintiff in his complaint. The deadline for discovery set in the Scheduling Order has now passed. (Docket No. 8). A party's "ability to prepare a meritorious motion for summary judgment, or to adequately prepare for trial, is significantly diminished" when it does not receive sufficient responses to its discovery requests. *FDIC v. Renda,* 126 F.R.D. 70, 73 (D. Kan. 1989), *aff'd sub nom. , FDIC v. Daily*, 973 F.2d 1525 (10th Cir. 1992). To a lesser extent, the same

can be said with respect to failure to make adequate disclosure pursuant to Fed. R. Civ. P. 26(a). Delays caused by the failure to cooperate in discovery result in additional expense in the form of time invested and attorney's fees. *See Witherspoon v. Roadway Express, Inc*., 142 F.R.D. 492, 493 (D. Kan. 1992) (dealing with increased expenses caused by failure to respond to discovery requests). Delay and mounting attorney's fees can equate to prejudice. *See Jones v. Thompson*, 996 F.2d 261, 264 (D. Kan. 1993). Plaintiff's non-responsiveness has caused Defendants to expend unnecessary resources and time to seek Plaintiff's compliance with his discovery and pretrial responsibilities. Defendants prepared and submitted the Joint Status Report and Provisional Discovery Plan, and the Proposed Pretrial Order without the aid or participation of Plaintiff. Plaintiff has failed to make himself available for deposition, failed to provide answers to Interrogatories or produce documents. As a result, Defendants are unaware of Plaintiff's witnesses and exhibits more than a year after Plaintiff filed his Complaint against them.

B.   Interference with the Judicial Process

I find that Plaintiff's conduct in this case has interfered with the judicial process. Failure to understand the process does not excuse *pro se* litigants from their discovery obligations. The court views the inaction of plaintiff as willful, not simple involuntary noncompliance. Failure to comply with the rules of discovery often makes it impossible for cases "to proceed with any degree of regularity or to be resolved in a 'just, speedy and inexpensive' manner." *See Federal Deposit Insurance Corp. v. Renda*, 126 F.R.D. 70, 73 (D. Kan. 1989). The failure of plaintiff to cooperate in discovery has caused delay. Such delays disrupt the judicial process.

C.   Culpability of Plaintiff

Plaintiff is the only party responsible for failure to provide discovery. He has provided no

explanation for his failure to make mandatory disclosures, respond to discovery requests, or obey this Court's Orders. If indeed Plaintiff is incarcerated somewhere, he has failed to advise the court of this fact, or to provide the court with his address.

      D.      Advance Notice of Sanction of Dismissal

In ruling on Defendants' prior Motion for Sanctions, the Court advised that sanctions, including dismissal, would be considered should Plaintiff fail to respond to outstanding discovery requests and appear at his deposition.

      E.      Efficacy of a Lesser Sanction

I conclude that no sanction less than dismissal with prejudice would be effective. Although Plaintiff is proceeding *pro se,* his lack of legal representation does not excuse his failure to appear at scheduled conferences, provide mandatory disclosures, or obey discovery orders. In essence, Plaintiff was uncooperative prior to September 25, 2008, and has absented himself from these proceedings since that time. It is doubtful that a monetary sanction would be effective or meaningful to Plaintiff, or that he would or could comply with such a sanction. Given that Plaintiff has wholly failed participate in the preparation of this case for trial, a sanction limiting the evidence that Plaintiff may admit at trial likely would have no practical application on his behavior.

Under these circumstances, no lesser sanction would be effective. Dismissal of this case with prejudice is the appropriate result. *See, e.g., EBI Sec. Corp. v. Hamouth,* 219 F.R.D. 642, 647-48 (D.Colo.2004) (entering default judgment for defendants' disregard of discovery orders, failure to meet deadlines to comply or make requests for extension, and inability to offer reasonable justifications for their failures); *Mobley v. McCormick,* 160 F.R.D. 599, 601-02 (D.Colo.1995)

5

(dismissing plaintiff's case for repeated failures to comply with court orders and attend hearings despite the knowledge that dismissal would result); *see also United States v. Moser,* 168 F.R.D. 171, 174 (M.D.Pa.1996) (holding that repeated failures to comply with court orders due to party's unilateral determination that it did not need to participate in the litigation justified dismissal); *Becker v. Safelite Glass Corp.,* 244 F.Supp. 625, 641-42 (D.Kan.1965) (recognizing that dismissal was appropriate due, in part, to plaintiff's failure to comply with order to submit pretrial order and gather evidence for trial).

## Conclusion

I respectfully recommend that Defendants' Motion (Docket No. 17) be granted, and that Plaintiff's Complaint be dismissed with prejudice pursuant to F.R.Civ.P. 37(b)(2)(C) for failure to provide discovery as ordered by this court. Alternatively, I recommend that Defendants' Motion (Docket No. 17) be granted, and that Plaintiff's complaint be dismissed with prejudice pursuant to F.R.Civ.P. 41(b) for Plaintiff's failure to comply with this Court's Rules and Orders.

RICHARD L. PUGLISI
United States Magistrate Judge